UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-22018-CIV-MORENO

JOSE R. PEREZ, as Personal Representative of
the Estate of HORTENSIA SANTOS,
Deceased; MARIANO SANTOS (son); and
HORTENSIA SANTOS (daughter),

        Plaintiffs,

vs.

NCL (BAHAMAS) LTD. d/b/a NORWEGIAN
CRUISE LINE,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint (**D.E. 8**), filed on **August 8, 2017**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**.

I. **Background**

This tragic case arises out of the death Hortensia Santos, a passenger onboard the Defendant's cruise ship, the Getaway. This suit is brought by Jose R. Perez, as Personal Representative of the Estate of Ms. Santos; Mariano Santos, son of Ms. Santos; and Hortensia Santos, daughter of Ms. Santos. Plaintiffs allege that on May 31, 2016, Ms. Santos was injured while the ship was in U.S. territorial waters. Specifically, Plaintiffs allege that Ms. Santos was seated in the ship's dining area when another passenger, who was being

escorted in a wheelchair by a Norwegian employee, slammed into Ms. Santos, pinning her torso against the table she was seated at. Shortly thereafter, Ms. Santos was escorted to her cabin where she subsequently began vomiting. Ms. Santos was then taken to the ship's clinic where she was intubated. Norwegian's onboard physician recommended that Ms. Santos undergo hemoglobin testing every six hours and that an endoscopy should be performed at the nearest hospital when the ship docked at Costa Maya, Mexico, the next port of call.

Upon arrival in Costa Maya, Norwegian's medical staff and crew directed Ms. Santos to a local hospital. The attending physician at the hospital ordered a sonogram, but neither the sonogram, nor the endoscopy urged by the onboard physician were performed. Ms. Santos's relative informed the attending physician that Ms. Santos would be flying back to Miami immediately. Thereafter, Ms. Santos was discharged and boarded a plane to Miami where her condition deteriorated while on the flight. Upon arrival, Ms. Santos was taken to the hospital where she was ultimately pronounced dead.

Plaintiffs' Complaint includes two counts. Count I is a wrongful death claim under the Florida Wrongful Death Act, Fla. Stat. § 768.16-26, if the incident on the ship that led to Ms. Santos's death took place in U.S. territorial waters. Plaintiffs plead Count II, a wrongful death claim under the Death on the High Seas Act, 46 U.S.C. §§ 30301-8, in the alternative, in the event that the ship was outside of U.S. territorial waters. Norwegian moves to dismiss Count I because the Death on the High Seas Act, rather than Florida law, should apply. Norwegian moves to dismiss Count II for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has maritime jurisdiction pursuant to 28 U.S.C. § 1333.

II. **Legal Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555; *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." *Iqbal*, 556 U.S. at 677-78.

## III. Analysis
### A. Death on the High Seas Act and Florida's Wrongful Death Act

The parties quibble with whether Florida's Wrongful Death Act or the Death on the High Seas Act applies. The Complaint asserts Count I under Florida law, and alternatively, Count II under federal law. The Death on the High Seas Act provides a cause of action "whenever the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States . . ." 46 U.S.C. § 30302. By its terms, the Death on the High Seas Act does not cover deaths resulting from incidents occurring within state territorial waters – up to three miles off a State's shore. The distinction is crucial because recovery under the Death on the High Seas Act is limited to pecuniary loss, while claims

3

for non-pecuniary loss are barred. *Smith v. Carnival Corp.*, No. 07-23363-CIV, 2008 WL 2704459, at *1 (S.D. Fla. June 24, 2008). In comparison, Florida law is more generous as it permits recovery of pecuniary loss. *See* Fla. Stat. 768.21(2) ("The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.").

Norwegian's position is that Count I should be dismissed because the death occurred in international waters and thus, Florida law is inapplicable. In support, Norwegian relies on the affidavit of Brett Berman, the Director of Passenger and Crew Claims, which states that at the time of the incident that resulted in Ms. Santos's death, the ship was in international waters, thereby resulting in the application of the Death on the High Seas Act. The general rule is that at the motion to dismiss stage, the Court's review is limited to the four corners of the complaint and may not consider matters outside the pleadings without converting the defendant's motion into one for summary judgment. *Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000). Norwegian cites *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325 (11th Cir. 2006), for the proposition that "documents which are central to Plaintiffs' claim may be considered when ruling on the motion to dismiss." To that end, Norwegian urges the Court to rely on Mr. Berman's affidavit to dismiss Count I. However, Norwegian misconstrues *Bickley*'s holding. In *Bickley*, the Eleventh Circuit held that:

> [W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

461 F.3d at 1330 n.7 (citing *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)) (emphasis added).

4

This Court could rely on Mr. Berman's affidavit if Plaintiffs had referenced it in their Complaint, but they did not. *See also Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1237-38 (11th Cir. 2014) (refusing to consider the passenger ticket contract the defendant attached to its motion to dismiss because the plaintiff did not attach the ticket contract to the complaint and the complaint made no mention of the contract).

Citing judicial efficiency, Norwegian highlights the importance of making a choice of law determination at the litigation's outset. This Court shares Norwegian's concern, but not at the expense of a well-pleaded Complaint, or in contravention of the Federal Rules of Civil Procedure's "four corners" requirement. As to Count I, the Complaint alleges that "upon information and belief," the incident involving Ms. Santos took place while the ship was in U.S. territorial waters. Alternatively, if Plaintiffs are mistaken and the ship was in international waters at the time of the incident, then Count II under the Death on the High Seas Act applies. *See* Federal Rule of Civil Procedure 8(a) (permitting pleading in the alternative). Importantly, the Complaint is not silent as to the location of the pertinent actions. *Cf. Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1360 (S.D. Fla. 2010) (granting motion to dismiss in a maritime case where Plaintiffs did not allege where the negligent actions took place). Accordingly, the Court need not rely on Norwegian's proffered affidavit because it falls outside the four corners of the Complaint. Thus, Norwegian's motion to dismiss Count I is denied.

### B. Count II – Failure to State a Claim

Next, Norwegian moves to dismiss Count II because Plaintiffs fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The essence of Norwegian's argument is that Plaintiffs failed to properly allege a claim for negligence under the Death on the High Seas Act.

To plead negligence in a maritime case, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant beached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza*, 772 F.3d at 1253 (citing *Chaparro v. Carnival Corp*, 693 F.3d 1333, 1336 (11th Cir. 2012)). All four elements are present in Plaintiffs' Complaint.

First, Plaintiffs allege that Norwegian had a duty to exercise reasonable care in: (1) properly monitoring or assisting in transporting wheelchair-bound passengers; (2) properly training and supervising its crew in operating motorized wheelchairs; (3) implementing appropriate policies and procedures for addressing passengers who suffer onboard injuries; (4) properly treating or tending to injured passengers while aboard the ship; and (5) assuring that the hospital and physicians to which it refers its passengers meet the same standard of reasonable care to which its own medical professionals are subject. A ship owner is only liable to its passengers for medical negligence if its conduct breaches the carrier's general duty to exercise "reasonable care under the circumstances." *Franza*, 772 F.3d at 1233 (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)).

Second, Norwegian purportedly breached said duties by, *inter alia*, failing to properly monitor and assist in the transportation of the wheelchair-bound passenger that slammed into Ms. Santos and properly treat Ms. Santos while she was aboard the ship.

Third, Plaintiffs allege that "[Norwegian's] negligence proximately caused great bodily harm to Ms. Santos, and ultimately proximately caused her death, in that, but for [Norwegian's] negligence, Ms. Santos' debilitating injuries would not have occurred."

Fourth, Plaintiffs allege that Ms. Santos suffered "severe bodily injury resulting in her death, and [her] family has suffered the loss of support and services from the date of the incident to her death, and future loss of support and services since her passing. . ."

Whether Norwegian breached the alleged duties is a question that cannot and should not be answered at this stage. Nonetheless, Plaintiffs' well-pleaded allegations are more than a mere recitation of the facts and plausibly raise an entitlement to relief. Accordingly, Norwegian's motion to dismiss Count II is denied.

IV. **Conclusion**

Norwegian's motion to dismiss Count I is denied because reliance on Norwegian's proffered affidavit would be improper at this stage and because Plaintiffs adequately pleaded in the alternative. Additionally, the motion to dismiss Count II is denied because Plaintiffs have adequately pleaded a plausible entitlement to relief.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record